# EXHIBIT J

HOGAN LOVELLS US LLP

David A. Perlson (CA SBN 209502)
david.perlson@hoganlovells.com
Antonio Sistos (CA SBN 238847)
ton.sistos@hoganlovells.com
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2412

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Deepa Acharya (CA SBN 267654)
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
deepaacharya@quinnemanuel.com
Telephone: (202) 538-8000
Facsimile: (202) 538-6100

*Attorneys for Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>   Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No: 5:25-cv-00860-NW<br><br>Honorable Noël Wise<br><br>**REPLY ISO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS PLAINTIFF VIRTAMOVE, CORP.'S SECOND AMENDED COMPLAINT**<br><br>Date: October 15, 2025<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor |

# TABLE OF CONTENTS

Page

I. VIRTAMOVE FAILS TO REBUT THAT THE '814 PATENT IS INVALID UNDER § 101 ........................................................................................................................ 2

    A. The '814 Patent Is Directed To An Abstract Idea ........................................................ 2

    B. The Asserted Patent Claim Adds Nothing Inventive ................................................... 4

II. VIRTAMOVE FAILS TO REBUT THAT THE '058 PATENT IS INVALID UNDER § 101 ........................................................................................................................ 5

    A. The '058 Patent Is Directed To An Abstract Idea ........................................................ 5

    B. The Asserted Patent Claim Adds Nothing Inventive ................................................... 6

III. VIRTAMOVE'S SECOND AMENDED COMPLAINT ADDITIONALLY FAILS TO PLEAD INFRINGEMENT AND PRE-SUIT DAMAGES .................................................. 7

    A. VirtaMove Fails To Rebut That Its Direct Infringement Allegations Should Be Dismissed ................................................................................................................. 7

    B. VirtaMove Fails To Rebut That Its Indirect Infringement Allegations Should Be Dismissed ................................................................................................................. 8

        1. VirtaMove Does Not Plead The Elements of Induced Infringement .............. 8

        2. VirtaMove Does Not Plead The Elements of Contributory Infringement ..................................................................................................... 9

        3. VirtaMove Does Not Plead Pre-Suit Knowledge .......................................... 10

    C. VirtaMove Fails To Rebut That Its Claim For Pre-Suit Damages Should Be Dismissed ............................................................................................................... 12


# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994) .................................................................................................. 13

*Artrip v. Ball Corporation*,
  735 F. App'x 708 (Fed. Cir. 2018) .......................................................................................... 10

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
  No. C 11-04049 JW, 2012 WL 2343163 (N.D. Cal. June 5, 2012) .......................................... 9

*Beteiro, LLC v. DraftKings Inc.*,
  104 F.4th 1350 (Fed. Cir. 2024) ................................................................................................ 3

*BillJCo, LLC v. Apple Inc.*,
  583 F. Supp. 3d 769 (W.D. Tex. 2022) ..................................................................................... 9

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) .................................................................................................... 7

*Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*,
  778 F. App'x 882 (Fed. Cir. 2019) ............................................................................................ 4

*CAP Co. v. McAfee, Inc.*,
  No. 14-CV-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ................................... 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) ................................................................................................................ 10

*CPC Patent Technologies. Pty Ltd. v. Apple Inc*
  No. 6:21-CV-00165-ADA, 2022 WL 118955 (W.D. Tex. Jan. 12, 2022) .............................. 12

*Customedia Techs., LLC v. Dish Network Corp.*,
  951 F.3d 1359 (Fed. Cir. 2020) ................................................................................................. 3

*Elec. Power Grp. LLC v. Alstom S.A*,
  830 F.3d 1350 (Fed. Cir. 2016) ................................................................................................. 2

*Estech Sys. IP, LLC v. Intermedia.net, Inc.*,
  No. 24-CV-02526-EJD, 2025 WL 834500 (N.D. Cal. Mar. 17, 2025) ..................................... 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ................................................................................................................ 10

*Intell. Ventures I LLC v. Cap. One Bank (USA)*,
   792 F.3d 1363 (Fed. Cir. 2015) .......................................................................................... 2

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc*
   No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021) ............................ 11

*LaVoult.com, LLC v. Meta Platforms, Inc.*,
   777 F. Supp. 3d 1072 (N.D. Cal. 2025) .............................................................................. 1

*Lotus Vaping Techs., LLC v. U.S. Food & Drug Admin.*,
   73 F.4th 657 (9th Cir. 2023) .............................................................................................. 13

*Orellana v. Mayorkas*,
   6 F.4th 1034 (9th Cir. 2021) .............................................................................................. 11

*Unwired Planet, LLC v. Apple Inc.*,
   No. 13-CV-04134-VC, 2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) ................................. 13

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
   No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .................................... 11

*Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*,
   698 F. Supp. 3d 1145 (N.D. Cal. 2023) ............................................................................... 9

*VirtaMove v. HPE*,
   Case 2:24-cv-00093-JRG, Dkt. 222 (E.D. Tex. Jul. 23, 2025) .............................................. 1

*VirtaMove, Corp. v. Hewlett Packard Enter. Co.*,
   No. 2:24-CV-00064-JRG, 2024 WL 4519761 (E.D. Tex. Oct. 17, 2024) ............................ 12

# NOTE ON CITATIONS

- References to VirtaMove's Complaint (Dkt. 1) are designated by "Compl." followed by paragraph or exhibit number.

- References to VirtaMove's Amended Complaint (Dkt. 27) are designated by "FAC" followed by paragraph or exhibit number.

- References to VirtaMove's Second Amended Complaint (Dkt. 68) are designated by "SAC" followed by paragraph or exhibit number.

- References to VirtaMove's Opposition to Google's Motion to Dismiss Second Amended Complaint (Dkt. 111) are designated by "Opp." followed by a page number.

- The patents-in-suit, United States Patent Nos. 7,519,814 ("the '814 Patent") and 7,784,058 ("the '058 Patent") were attached as Exhibits 1 and 3 of the Complaint. References to the patents-in-suit are indicated by column and line number, or by claim number.

- Plaintiff VirtaMove's Corrected Preliminary Disclosure of Asserted Claims and Infringement Contentions are referred to as "Corrected PICs".

- Plaintiff VirtaMove's Preliminary Disclosure of Asserted Claims and Infringement Contentions are referred to as "PICs".

All emphases are added unless otherwise noted.

On July 23, 2025, after Google refiled its Motion to Dismiss, in the copending case of *VirtaMove v. HPE*, Case 2:24-cv-00093-JRG, the court found that "functional replicas" in the sole independent claim of the '058 Patent is indefinite, thereby rendering the entire patent invalid. Dkt. 222 at 18-19 (E.D. Tex. Jul. 23, 2025) (Ex. 1). With trial in that case scheduled for October 20 and a likely judgment soon thereafter, VirtaMove will soon be collaterally estopped from asserting the '058 Patent in this case as a matter of law.[1] Thus, granting Google's Motion to Dismiss that the '814 Patent is ineligible under § 101 would be dispositive of the case. And this motion should be granted because VirtaMove does not rebut that the '814 Patent is directed to the abstract idea of using containers with copies of system files for applications, and the claims only recite generic components used in conventional ways and thus cannot contain an inventive concept.

The Second Amended Complaint should further be dismissed because it does not plausibly plead allegations of direct or indirect infringement, the knowledge requirement for pre-suit indirect infringement, or compliance with the marking statute, for both asserted patents.

As VirtaMove already amended its complaint twice, the Second Amended Complaint should be dismissed with prejudice. *E.g. LaVoult.com, LLC v. Meta Platforms, Inc.,* 777 F. Supp. 3d 1072, 1084 (N.D. Cal. 2025) (denying leave to amend the complaint "[b]ecause amendment would be futile"). Indeed, despite revising its opposition to Google's identical Motion to Dismiss the First Amended Complaint, VirtaMove does not address this, or any other point from Google's prior reply in support of its Motion to dismiss the FAC, showing VirtaMove simply has no responses.[2]

---

[1] The parties have been discussing how to address the '058 Patent already found to be invalid in EDTX, but have not yet reached a resolution on this, so Google continues to include it in this Motion.

[2] The parties previously stipulated that "VirtaMove's SAC does not affect the arguments made in support of or in opposition to Google's [prior] Motion," and that "the arguments for or against its dismissal shall apply to both the FAC and SAC, and can be decided by the Court as currently briefed."

## I. VIRTAMOVE FAILS TO REBUT THAT THE '814 PATENT IS INVALID UNDER § 101

### A. The '814 Patent Is Directed To An Abstract Idea

As Google demonstrates, the '814 Patent is directed to the abstract idea of using containers with copies of system files for applications, so that those applications can be used in different operating environments. Dkt. 110-1, 16. VirtaMove complains that this proposed abstract idea "strips away" the character of Claim 1 or ignores the claims (Opp. 9), but Google addresses the claim language and the intrinsic evidence in detail in its Motion. Dkt. 110-1, 16-19. And VirtaMove largely ignores Google's arguments regarding the claims, admissions in the intrinsic evidence, and Google's cited case law.

Rather, VirtaMove argues that "using containers with copies of system files for applications, so that those applications can be used in different operating environments" is somehow not abstract because it relates to what VirtaMove concludes to be "computer-specific" problems or solutions. Opp. 9. But "applications [being] used in different operating environments" is simply an abstract goal of executing the functional, abstract idea of "using containers with copies of system files for applications," and does not demonstrate any specific and non-abstract step(s) recited within the claims. *See Elec. Power Grp. LLC v. Alstom S.A,* 830 F.3d 1350, 1356 (Fed. Cir. 2016) ("[T]he essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101."); *see also Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015) ("[a]n abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment"). Indeed, VirtaMove cites no

---

Dkt. 73 at 2; *see also* Dkt 110 at 2. Despite Google filing its Motion to Dismiss the FAC as its Memorandum of Points and Authorities consistent with this stipulation, VirtaMove filed a revised version of its previous opposition to the same motion. Google has similarly filed a revised reply.

case to support its argument that the '814 Patent is not abstract simply because it relates to computers. Opp. 8; *see also Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1362 (Fed. Cir. 2020) ("in *Alice*, the Supreme Court made clear that the invocation of a computer does not necessarily transform an abstract idea into a patent-eligible invention"). VirtaMove does cite cases that it contends have "analogous" claims, but VirtaMove does not even try to analogize the claims in these cases to Claim 1. Opp. 8-9. It just repeats that the courts in those cases found the claims in *those* cases were directed to non-abstract computer improvements (*id.*), which does nothing to show that *Claim 1* is not abstract. It is.

VirtaMove also points to the PTO's findings regarding validity over the prior art. Opp. 8. But as Google has already shown, such inquiries under §§ 102 and 103 are "separate and distinct" from the § 101 analysis. Dkt. 110-1, 13 (collecting cases). VirtaMove ignores this too. And in any event, "a patent examiner's consideration of Section 101 issues does not in any way shield the patent's claims from Article III review for patent eligibility." *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1359 (Fed. Cir. 2024).

VirtaMove makes its own proposal as to what the claims are "directed to":

> storing … secure containers of application software, each container comprising one or more of the executable applications and a set of associated system files required to execute the one or more applications … wherein said associated system files utilized in place of the associated local system files are copies or modified copies of the associated local system files that remain resident on the server, and wherein the application software cannot be shared between the plurality of secure containers of application software, and wherein each of the containers has a unique root file system that is different from an operating system's root file system.

Opp. 7. While longer than Google's abstract idea, VirtaMove's recasting is no less abstract. Indeed, it concedes that Claim 1 is directed to using containers with copies of system files for applications. Beyond that, all it seems to add is (1) the abstract notion of "uniqueness" to the element of a root file system and (2) that a given application is not shared among multiple containers. But unique root file

-3-      CASE NO. 5:25-CV-00860-NW

systems are the norm in computing systems, *e.g.* computers tend to have their own hard drive. And unique applications are also the norm in computing systems, *e.g.* every computer tends to have its own copy of Microsoft Word or Adobe Acrobat. Here too, VirtaMove's characterization simply makes Google's point. *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 887 (Fed. Cir. 2019) ("generic computer functions performed in the service of [the abstract idea] do not change the focus of the claim").

### B. The Asserted Patent Claim Adds Nothing Inventive

Google demonstrates that beyond the abstract idea, Claim 1 recites only a computer system with generic computer elements such as containers, servers, operating systems, computing environments, a processor, a kernel, local system files, applications, objects, and a root file system. Dkt. 110-1, 14-15. VirtaMove ignores Google's showing altogether. Rather, VirtaMove points to some unclaimed, unidentified "programming" that is supposedly inventive. Opp. 10. VirtaMove also says Google does not focus on the "ordered combination" of elements, but VirtaMove says nothing as to just what ordering or combination resides in a method claim reciting a single step, much less how it is supposedly "inventive" to pass muster on *Alice* Step 2. *Id*. Nor does VirtaMove dispute that the claimed hardware elements are conventional. Dkt. 110-1, 14. VirtaMove's argument that "an invention's compatibility with conventional systems *does not* render it ineligible" (Opp. 11) is a red herring. That is not Google's argument.

VirtaMove cites *BASCOM* and *DDR Holdings* as supposedly supporting that Claim 1 has an inventive step (Opp. 10-11), but again VirtaMove makes no attempt to show the claims at issue in those cases are at all analogous to Claim 1 here. VirtaMove also contends that Google "never deals with the facts, evidence, and specific allegations in the intrinsic record and the SAC." Opp. 11. This is untrue. Google addresses this in detail in its Motion. Dkt. 110-1, 9-11, 13-15, 19. VirtaMove's

-4- CASE NO. 5:25-CV-00860-NW
REPLY ISO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
PLAINTIFF VIRTAMOVE, CORP.'S SECOND AMENDED COMPLAINT

1  reference to the April 2009 Gartner Report in its SAC (Opp. 12) ignores, as Google pointed out in its

2  Motion (Dkt. 110-1, 13), that the Second Amended Complaint does not allege how this April 2009

3  report, years after the asserted patents' filing, has anything to do with the claimed technology.  Nor

4  does Google's mere use of the word "containers" in describing its cloud services products somehow

5  show the '814 Patent passes muster under Step 2 as VirtaMove appears to suggest.  Opp. 12.

## II. VIRTAMOVE FAILS TO REBUT THAT THE '058 PATENT IS INVALID UNDER § 101

### A. The '058 Patent Is Directed To An Abstract Idea

As detailed in Google's Motion to Dismiss, the '058 Patent is directed to the abstract idea of functionally replicating critical system elements for use with two or more software applications. Dkt. 110-1, 8-9. VirtaMove again complains that Google's proposed abstract idea "strip[s] away" the character of the claims and "ignores" the claims or its "wherein requirements." Opp. 14-15.  But Google addresses them in detail with supporting case law showing them to be abstract (Dkt. 110-1, 9-14), which VirtaMove simply ignores.  VirtaMove also does not confront the admissions in the specification regarding the existence of the various claim elements in the art.  *Id.*  It also ignores the admissions in the specification and prosecution history that the claims are directed to "replicating" or "duplicating" critical system elements, which is exactly what Google's abstract idea recites.  *Id.*

VirtaMove argues that while "Google points to 'processors' and other specific elements, it ignores the programming claimed for that hardware…." Opp. 14-15.  But VirtaMove does not dispute that the hardware claimed is generic and known to the art. Dkt. 110-1, 9-11.  Nor does VirtaMove point to any *claimed* "programming"; Claim 1 is recited in a purely functional manner as Google demonstrated, and VirtaMove also fails to rebut. Dkt. 110-1, 11-13 (collecting cases).  VirtaMove again makes its own proposal as to what the claims are "directed to":

-5-   CASE NO. 5:25-CV-00860-NW
REPLY ISO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
PLAINTIFF VIRTAMOVE, CORP.'S SECOND AMENDED COMPLAINT

> A computing system … wherein some SLCSEs [shared library critical system elements] are functional replicas of OSCSEs [operating system critical system elements], … wherein a SLCSE related to a predetermined function is provided to the first of the plurality of software applications for running a first instance of the SLCSE, and wherein a SLCSE for performing a same function is provided to the second of the plurality of software applications for running a second instance of the SLCSE simultaneously.

Opp. 14. Although this has more words than Google's abstract idea, VirtaMove's recasting is once again no less abstract. Indeed, it concedes that the Claim 1 is directed to making functional replicas of critical system elements for use with two or more applications, just like Google's proposed abstract idea. All VirtaMove seems to add is the abstract notion that a critical system component relates to a predetermined function, which, at best, makes Google's point as to *Alice* Step 1.

### B. The Asserted Patent Claim Adds Nothing Inventive

Google demonstrates that beyond the abstract idea, Claim 1 recites only generic computing components, structures, and functions—processor, operating systems, critical system elements running in kernel mode, critical system elements for use in user mode, shared libraries, and applications. Dkt. 110-1, 14-15. Here too, VirtaMove ignores Google's showing. Rather, VirtaMove again points to some unclaimed, unidentified "programming" that is supposedly inventive. Opp. 15. VirtaMove again contends Google does not focus on the "ordered combination" of elements, but VirtaMove still says nothing as to just what ordering or combination it is referring to, much less how it is supposedly "inventive" to pass muster on *Alice* Step 2. *Id.* VirtaMove also oddly discusses two *Google* patents. *Id.* VirtaMove's argument appears to be that because Google has two patents that make mention of "containers," without regard for whatever these patents actually claim, this shows that the '058 Patent, which does not even claim the use of "containers," somehow passes muster on

Step 2. This shows nothing.[3] And VirtaMove repeats what it says regarding the April 2009 Gartner Report in its Amended Complaint (Opp. 15), again ignoring Google's rebuttal. Dkt. 110-1, 13.

## III. VIRTAMOVE'S SECOND AMENDED COMPLAINT ADDITIONALLY FAILS TO PLEAD INFRINGEMENT AND PRE-SUIT DAMAGES

### A. VirtaMove Fails To Rebut That Its Direct Infringement Allegations Should Be Dismissed

VirtaMove does not dispute that the only "Accused Product" specifically identified in the Amended Complaint is Google's "Migrate to Containers." Dkt., 110-1, 3 (citing FAC ¶¶16, 28, Exs. 2, 1 and 4, 1). But as Google shows, VirtaMove's infringement charts attached to the FAC barely discuss Migrate to Containers. Dkt. 110-1, 4. In response, VirtaMove concludes that it did chart Migrate to Containers, but does not point to anything specific in its infringement charts that actually supports its conclusion. Opp., 16. VirtaMove's mere conclusion that its infringement charts somehow plausibly pleaded how Migrate to Containers meets "every element" of Claim 1 each Asserted Patent, while barely mentioning the product at all in its infringement charts (let alone alleging how this product practices any limitation of the claims), does not make it so. "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021); *see also Estech Sys. IP, LLC v. Intermedia.net, Inc.*, No. 24-CV-02526-EJD, 2025 WL 834500, at *5 (N.D. Cal. Mar. 17, 2025) (a patent holder "must [] include additional factual allegations to support a plausible claim of infringement beyond just identifying the products and

---

[3] As Google noted (Dkt. 110-1, 8, 15), the Amended Complaint only discusses Claim 1 of each patent. The Opposition (Opp. 13, 16) makes no distinctions regarding any dependent claims either, presenting no substantive rebuttal to using Claim 1 of each patent as representative.

claiming they infringe"). VirtaMove further argues the "*only* element that Google previously identified as allegedly missing [in the Complaint] was that applications are not 'running' or 'executing' on Google's servers." Opp., 16 (citing Dkt. 21, 4). Not so. In both motions, Google demonstrates that VirtaMove did not provide plausible allegations of infringement for Migrate to Containers for any limitation of any claim.[4] Dkt. 21, 3-4; Dkt. 110-1, 3-4.

### B. VirtaMove Fails To Rebut That Its Indirect Infringement Allegations Should Be Dismissed

#### 1. VirtaMove Does Not Plead The Elements of Induced Infringement

VirtaMove does not dispute that its allegations of induced infringement for both Asserted Patents are boilerplate or that such boilerplate language is insufficient as a matter of law. Dkt. 110-1, 4-5 (citing FAC ¶¶18, 30; collecting cases). Rather, in reference to the requisite direct infringement by third parties, VirtaMove refers back to its infirm allegations regarding Migrate to Containers. Opp. 18. But VirtaMove has not provided plausible allegations as to Migrate to Containers as to any party, for the same reasons discussed above. *Supra*, § III.A. VirtaMove also concludes its allegations of induced infringement are sufficient because it alleges that Google "'continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe.' Dkt. 68 ¶¶18, 30." Opp. 18. But as Google points out, while VirtaMove does refer to Google materials, VirtaMove's inducement allegations fail to provide any specific allegations such as mapping instructions to end users to the performance of the claimed steps of the patent using Migrate to Containers—*i.e.*, "evidence of culpable conduct, directed to encouraging another's infringement." Dkt. 110-1, 5-6; *see also Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, 698 F. Supp. 3d 1145, 1149

---

[4] Google referred to VirtaMove's allegations generally concerning "running" and "executing" applications to contrast Migrate to Containers, a migration tool. Dkt. 21, 4.

(N.D. Cal. 2023) (reciting the same standard for induced infringement in NDCA). VirtaMove just ignores this.

Instead, VirtaMove cites *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 780 (W.D. Tex. 2022) suggesting the court found similar boilerplate allegations to be sufficient. Opp. 18-19. But in this District, "allegations [that] merely indicate that Defendant [] provided other parties with 'instruction' and 'training' in the use of Defendant['s] own products" are insufficient to plead induced infringement. *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL 2343163, at *4 (N.D. Cal. June 5, 2012). In any event, the *BillJCo* court actually found "BillJCo's charts map limitations to, in most instances, instructions from Apple-authored documentation pulled from Apple Developer. The charts also specifically reference disclosures Apple personnel made at Apple's 2013 developers' conference. This documentation is doing more than merely 'offering customers technical support or product updates.'" *BillJCo, LLC*, 583 F. Supp. 3d at 780. The court also noted "[t]hat is particularly true here where Apple leaves BillJCo's claim charts unscathed." *Id.* at 781. But VirtaMove does not chart Migrate to Containers, much less map limitations to specific instructions. This is precisely the point that Google made in its Motion to Dismiss. Dkt. 110-1, 5-6.

### 2. VirtaMove Does Not Plead The Elements of Contributory Infringement

Here too, VirtaMove does not dispute that the allegations regarding contributory infringement that Google cites amount to pure boilerplate that is insufficient as a matter of law. Dkt. 110-1, 6. Instead, VirtaMove points to its general allegation that "Google has servers for running the accused product Migrate to Containers." Opp. 19 (citing SAC ¶ 28.) VirtaMove then posits that under "alternative" theories, Google contributes to infringement of the Asserted Patents by providing "specially configured" servers or "computer systems" so that "Google's customers can run Migrate to Containers on them." Opp. 19. But VirtaMove does not allege that Google is providing physical

servers or computer systems to customers for them to use. Rather, the allegations VirtaMove points to refer to *Google* servers that *Google* uses. Opp. 19 (citing SAC ¶ 28 "Google directly infringes by its making, using (e.g., running on Google's servers). . ."). Nor does VirtaMove even try to demonstrate that it "plead[ed] facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Artrip v. Ball Corporation*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted); *see also CAP Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, at *6 (N.D. Cal. June 26, 2015) (dismissing a contributory infringement claim when "the only statement [plaintiff] offers on the required element about substantial noninfringing uses is nothing but a bare conclusion").

### 3. VirtaMove Does Not Plead Pre-Suit Knowledge

VirtaMove also does not dispute that induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011). Nor does VirtaMove dispute that its conclusory allegation that Google "had knowledge of the '814/'058 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed" (FAC ¶¶ 18, 30) is insufficient as a matter of law as to *pre*-suit knowledge. Dkt. 110-1, 7 (collecting cases).

Instead, VirtaMove points to vague allegations in the SAC (¶ 10) regarding business meetings with Google prior to the complaint. Opp. 17. VirtaMove relies on its bare conclusion that Google "would have learned [] that AppZero was patented" through some unidentified "due diligence" or was "willfully blind." *Id.* But VirtaMove does not dispute that even under VirtaMove's own allegations, it never told Google that VirtaMove had any patents at all. And while VirtaMove points to its conclusory allegation that its "technology from its demos and disclosures appears to have made

-10-	CASE NO. 5:25-CV-00860-NW
REPLY ISO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
PLAINTIFF VIRTAMOVE, CORP.'S SECOND AMENDED COMPLAINT

their way into the Accused Products of Google" (*id.* (citing SAC ¶ 10)), as Google points out in its Motion to Dismiss, VirtaMove provides no allegations whatsoever regarding a relationship between anything shown to Google at those meetings and the Accused Products, much less the Asserted Patents.[5] Dkt. 110-1, 8. This is not a "fact" dispute as VirtaMove puts it. VirtaMove simply alleges no "facts" at all to plausibly allege pre-suit knowledge of the patents or infringement. VirtaMove's attached article regarding IBM (Opp. 17, Ex. 3) was not included in the SAC and is irrelevant as a matter of law. *Orellana v. Mayorkas,* 6 F.4th 1034, 1042–43 (9th Cir. 2021). And it still shows nothing about anything **Google** did or did not do.

Further, VirtaMove does not cite a single case that found such bare, conclusory allegations and rank speculation are sufficient to plead pre-suit knowledge of the patents, much less infringement. Nor could it. As the court found in *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, "[a] plaintiff who relies on willful blindness to plead knowledge must identify in its complaint affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (*cited at* Dkt. 110-1, 7-8); *see also Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *6 (N.D. Cal. May 18, 2012) (finding willful blindness inadequately pled because the plaintiff "neglected to identify any affirmative actions taken by [the defendant] to avoid gaining actual knowledge of the [] patent"). VirtaMove has not alleged any such "affirmative" actions by Google. Nevertheless, VirtaMove argues that *Kirsch* has a "distinguished fact pattern" because "it does not involve the pattern of one company expressing interest in another company to

---

[5] Notably, VirtaMove's Corrected PICs state that "VirtaMove does not identify any of its instrumentalities as practicing the Asserted Claims." Dkt. 45, Ex. 1, 4. Thus, it is difficult to understand how it is plausible that *Google* would have, as VirtaMove puts it, "learned from due diligence that AppZero was patented." Opp. 17.

induce disclosure of patented technology as part of a business deal, then conducting customary due diligence to know the product was patented (or remaining willfully blind by avoiding the customary due diligence), and then taking that technology." Opp. 17. But VirtaMove has not plausibly alleged this "pattern" here either, as noted above. Further, as noted in Google's Motion to Dismiss, which VirtaMove also ignores, the court in *Kirsch* also found that the plaintiff's representative's disclosure to the defendant that plaintiff's products were patented (which is not even alleged here) was insufficient to establish pre-suit knowledge. Dkt. 110-1, 7-8.[6]

### C. VirtaMove Fails To Rebut That Its Claim For Pre-Suit Damages Should Be Dismissed

VirtaMove does not dispute that the Second Amended Complaint does not contain any specific allegations regarding compliance with the marking statute, or that it is required to plead such compliance. Dkt. 110-1, 20 (collecting cases). Instead, VirtaMove concludes that its citation to a web page from a single day in 2023 is somehow sufficient. Opp. 20. But contrary to VirtaMove's suggestion, Judge Gilstrap's findings in *VirtaMove, Corp. v. Hewlett Packard Enter. Co.,* No. 2:24-CV-00064-JRG, 2024 WL 4519761 at *3 (E.D. Tex. Oct. 17, 2024) hinge on VirtaMove's interactions ***with HPE***—not Google—and do not even mention web pages. VirtaMove also points to *CPC Patent Technologies. Pty Ltd. v. Apple Inc.* as supporting that "Courts deny motions to dismiss past damages when the complaint alleged that Plaintiff provided pre-suit notice." Opp. 20 (citing No. 6:21-CV-00165-ADA, 2022 WL 118955, at *2 (W.D. Tex. Jan. 12, 2022)). But VirtaMove pleads no such pre-suit notice of the patent or infringement. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("Actual notice requires the

---

[6] Google moved to dismiss VirtaMove's post-suit indirect infringement allegations (as well as those for pre-suit indirect infringement) for the reasons in its Motion (Dkt. 110-1, 4-6) and discussed above, not for a lack of notice post-suit. Opp. 19-20.

affirmative communication of a specific charge of infringement."). VirtaMove also argues it need not plead compliance with the marking requirement as to the '814 Patent because "there is no marking requirement for asserted method claim 1." Opp. 20. But Claim 31 of the '814 Patent is a system claim and its PICs explicitly assert system Claim 31 of the '814 Patent. Ex. 2, 1; *Unwired Planet, LLC v. Apple Inc.*, No. 13-CV-04134-VC, 2017 WL 1175379, at *4 (N.D. Cal. Feb. 14, 2017) ("Apparatus claims were asserted, so the marking requirement is not excused."). VirtaMove did serve "corrected" contentions withdrawing Claim 31 several days later (Dkt. 45, Ex. 1, 1-2), but provides no authority that this remedies its pleading failure.[7]

DATED: August 5, 2025

*/s/ Antonio Sistos*
David A. Perlson (CA SBN 209502)
david.perlson@hoganlovells.com
Antonio Sistos (CA SBN 238847)
ton.sistos@hoganlovells.com
**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2412

Deepa Acharya (CA SBN 267654)
deepaacharya@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, District of Columbia 20005- 3314
Telephone: (202) 538-8000
Fax: (202) 538-8100

*Attorneys for Defendant Google, LLC*

---

[7] To the extent necessary, the Court may take judicial notice of plaintiff's infringement contentions. *Lotus Vaping Techs., LLC v. U.S. Food & Drug Admin.,* 73 F.4th 657, 677 (9th Cir. 2023).

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on August 5, 2025 counsel of record who have appeared in this case are being served with a copy of the foregoing via ECF.

*/s/ Antonio Sistos*
Antonio Sistos