# Exhibit 2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Patent Application of: | ) | Atty. Docket No.: |
| **ROCHETTE ET AL.** | ) | **78803CIP1 (120-4 US CIP)** |
| | ) | |
| Serial No. **11/380,285** | ) | Art Unit: **2194** |
| | ) | |
| Filing Date: **04/26/2006** | ) | Examiner: |
| | ) | **RONI, SYED A.** |
| Confirmation No. **2315** | ) | |
| | ) | |
| For: **SYSTEM INCLUDING RUN-TIME** | ) | |
| **SOFTWARE TO  ENABLE A SOFTWARE** | ) | |
| **APPLICATION TO EXECUTE ON** | ) | |
| **AN INCOMPATIBLE COMPUTER** | ) | |
| **PLATFORM** | ) | |
| ————————————————— | ) | |

<u>AMENDMENT</u>

**EFILED**
Commissioner for Patents

Dear Sir:

In response to the office action dated August 28, 2009, the following amendments and remarks are respectfully submitted in connection with the above-identified application:

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks** begin on page 11 of this paper.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

### Amendments to the Claims

1. (currently amended)  A system for enabling a first software
application <u>stored in a computer readable medium</u>, which is
designed for execution on a first computer platform <u>having a</u>
<u>first operating system stored therein and  having a first</u>
<u>processor</u>, to be executed on an incompatible computer platform
<u>having a second incompatible operating system and having a</u>
<u>second memory and a second processor,</u> in which the first
software application is not intended to execute, said system
for providing a secure substantially isolated capsule
environment for execution of the first software application <u>by</u>
<u>the second processor</u> on the incompatible computer platform,
said first software application including an object executable
by a local operating system of the incompatible computer
platform for performing a task related to a service,  the
incompatible computer platform including a̶ ̶p̶r̶o̶c̶e̶s̶s̶o̶r̶,̶ ̶a̶n̶
o̶p̶e̶r̶a̶t̶i̶n̶g̶ ̶s̶y̶s̶t̶e̶m̶ i̶n̶c̶l̶u̶d̶i̶n̶g̶ a local kernel <u>within the second</u>
<u>incompatible operating system</u> residing <u>in the second memory</u> on
the incompatible computer platform, and a set of associated
local system files compatible with the local kernel and the
processor of the incompatible computer platform, the system
comprising:
a) a set of associated capsule-related files<u> stored in a</u>
<u>readable memory</u>, comprising a first group of files that
include the first software application, designed to execute on
the first computer platform and a second group of files that
are distributed with or are specific to an operating system
required to execute the first software application, wherein in

2

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/


operation said associated capsule-related system files are
used in place of the associated local system files normally
used to perform the same task, which ~~are~~ ~~resident~~ reside in
the second memory on the incompatible computer platform as
part of the operating system, said set of associated capsule-
related system files for use by the first software application
within the capsule environment; and,

b) capsule runtime software for managing a dynamic state and
file location of the first software application, the capsule
runtime software including a kernel module resident in kernel
mode and at least one application filter library resident in
user mode for filtering one or more system service requests
made by the first software application and for providing
values from the at least one application filter library stored
in the second memory which is provided in addition to the
local operating system libraries to modify values that
otherwise would have been returned by the local operating
system in the absence of said filtering one or more system
service requests from the first software application,
wherein execution of the first software application requires
access of files from the capsule-related files resident in the
second memory on the incompatible computer platform in place
of operating system files and wherein capsule specific values
are provided instead of values related to the identity of the
incompatible computer platform.


2. (original)  A system as defined in claim 1, wherein each
capsule has an execution file associated therewith for
starting one or more applications therewithin.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/


3. (original)  A system as defined in claim 2, wherein the
execution file includes instructions related to an order in
which executable applications within will be executed.

4. (original)  A system as defined in claim 1, wherein the
kernel module and the at least one application library provide
system-service filters for performing at least one of:

      i)   tracking of software applications within the
      capsule;
      ii)  modifying information used by applications in the
      capsule; and,
      iii) monitoring information used by applications in
      the capsule;

wherein the system service-filters ensure that the first
application within the capsule environment utilize the set of
associated capsule-related system files.

5. (original)  A system as defined in claim 1 wherein the set
of associated capsule related files are provided as a single
file comprising the set of files.

6. (original)  A system as defined in claim 1 wherein the set
of associated capsule-related files are associated with and
are contained within a capsule.

7. (original)  A system as defined in claim 6 wherein a
plurality of capsules are provided.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

8. (currently amended) A system for enabling a first software
application, which is designed for execution on a first
computer platform, to be executed on an incompatible computer
platform, having a memory and a processor,  in which the
software application is not intended to execute, said system
comprising:

a first group of computer-readable files that are
distributed with or are specific to the first software
application intended to ~~run~~ be executed on the first computer
platform and a second group of computer-readable files that
are distributed with or are specific to the an operating
system associated with the first computer platform;

means for isolating the first group of files from other
software applications so as to provide an isolated first group
of files;

capsule runtime software for managing a dynamic state and
file location of the isolated first group of files, the
capsule runtime software including a kernel module and at
least one application library for modifying the behavior of a
local operating system ~~residing~~ stored in memory on the
incompatible computer platform and accessible to the processor
of the incompatible computer platform, so that execution of
the first software application requires access of the isolated
first group of files in place of operating system files and
providing capsule specific values instead of values related to
the identity of the incompatible computer platform.

9. (original)  A system as defined in claim 1 wherein the set
of associated capsule-related files, comprising the first

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

group of files that include the first software application,
the second group of files that are distributed with or are
specific to an operating system are combined into a single
encapsulated file.

10. (original)  A system as defined in claim 1 wherein the
associated capsule related files include a filter library for
communicating with the kernel module and application binary
files which utilize application libraries and application
configuration information.

11. (original)  A system as defined in claim 10 further
comprising a capsule build tool for encapsulating a plurality
of said files into a single file.

12. (original)  A system as defined in claim 1, wherein some
application libraries request services from the kernel
directly and wherein some other requests from application
libraries filtered by way of being redirected prior to a
request made to the kernel.

13. (original)  A system as defined in claim 1 wherein the set
of associated capsule-related files are limited to a
segregated file name space.

14. (original)  A system as defined in claim 1, wherein in
operation the run-time software manages a dynamic application
state filtering system service requests.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

15. (currently amended)  A system as defined in claim 14,
wherein system filters perform [[as]] at least one of:

      a)    tracking processes identified as having an
              association with a particular capsule, or with
              the OS;

      b)    tracking resources used by processes executing
              within a capsule; and

      c)    modifying values returned by system services for
              providing isolation of files within a capsule.

16. (original)  A system as defined in claim 1, wherein system
service filters are used in both kernel mode and user mode,
and wherein system service filters associated with a capsule
allow processes executing within a capsule to be tracked,
information related to the first software application to be
monitored and modified.

17. (original)  In a system having a computer platform having
an operating system for executing a compatible software
application including a kernel, a method of executing an
incompatible software application, comprising the steps of:

    providing to the computer platform for execution by the
    computer platform one or more files encapsulated within a
    capsule, including the incompatible software application
    and runtime software for filtering requests to the kernel
    from the incompatible software application and or
    associated library files, that would otherwise result in
    a malfunction of the incompatible software application
    and providing information from files within the

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

encapsulated files so as redirect execution to files
within the capsule that allow the incompatible software
application to successfully execute.

18. (original)  A method as defined in claim 17 wherein
entries in a kernel system call table are modified so that
redirection to a system service filter occurs prior to a
kernel system call handler.

19. (currently amended)  [[A]] In a system having for enabling
a first software application, which is designed for execution
on a first computer platform, a method of executing said first
software application to be executed on an incompatible
computer platform in which the first software application is
not intended to execute, said first software application
including an object executable by a local operating system of
the incompatible computer platform for performing a task
related to a service, the incompatible computer platform
including a processor, an operating system including a local
kernel residing on the incompatible computer platform, and a
set of associated local system files compatible with the local
kernel and the processor of the incompatible computer
platform, the system method comprising:

a)    providing a computer readable set of first files,
comprising a first group of files that include the
first software application, designed to execute on
the first computer platform and a second group of
files that are distributed with or are specific to

8

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

    an operating system required to execute the first
    software application~~,~~;

b)  ~~, wherein in operation~~ in the execution of the first
    software application on the incompatible computer
    platform using said second group of files ~~are used~~
    in place of the associated local system files
    normally used to perform the same task, which are
    resident on the incompatible computer platform as
    part of the operating system, ~~said second group of~~
    ~~files for use by the first software application;~~
    and,

c)  executing on the second incompatible computer
    platform runtime software for managing a dynamic
    state and file location of the first software
    application, the runtime software including a kernel
    module resident in kernel mode and at least one
    application filter library resident in user mode
    [[for]] and filtering one or more system service
    requests made by the first software application and
    [[for]] providing values from the at least one
    application filter library which is provided in
    addition to the local operating system libraries to
    modify values that otherwise would have been
    returned by the local operating system in the
    absence of said filtering one or more system service
    requests from the first software application,
    ~~wherein~~ and executing ~~execution of~~ the first
    software application ~~requires access of~~ by accessing
    files from first set of files in place of operating

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

                system files and wherein predetermined values are
                provided  instead of values related to the identity
                of the incompatible computer platform.

20. (currently amended)  A ~~system~~ method as defined in claim
19, wherein the one application filter library resident in
user mode for filtering one or more system service requests is
executed in a same process context as a process which requests
a service.

21. (currently amended)  A ~~system~~ method as defined in claim
19 wherein said at least one application filter library
resides in a same address space as said first application
making a system service request.

22. (currently amended)  A ~~system~~ method as defined in claim
19, wherein the first set of files is a set of capsule files.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

## REMARKS

This is a non-final action. Claims 1-24 are pending in this application.

Claims 1-16 and 19-24 are rejected under 35 U.S.C. § 101 because the invention claimed is directed to non-statutory subject matter. It is said that claim 1 currently presented does not include any computer hardware and the system recited is only considered to include software.

Applicants would like to point out that there are two components to this claim:

There is a hardware component and software component.

Claim 1 provides a system for enabling a first software application intended to run on a first computer platform to be executed on an incompatible computer platform. It is understood from reading the claim that the first computer platform (i.e. 1st computer) has an operating system that is compatible with the first software application; more particularly the first computer platform having a first processor, a first memory and a first operating system is capable of running the first software application, and that the second computer platform (2nd computer) having a second processor, a second memory has a second operating system that is incompatible with the first software application. Therefore, without this invention, if the first software application is run on the second computer platform, it would

11

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

not and could not run due to an incompatibility in the
operating system resident on the second computer. And, with
this invention, the first software application is enabled to
run on the second incompatible computer platform.

In order to more clearly identify the hardware and software
and interaction therebetween, claims 1 and 8 have been amended
as follows.

1. (amended) A system for enabling a first software
application stored in a computer readable medium, which is
designed for execution on a first computer platform having a
first operating system stored therein and  having a first
processor, to be executed on an incompatible computer platform
having a second incompatible operating system and having a
second memory and a second processor, in which the first
software application is not intended to execute, said system
for providing a secure substantially isolated capsule
environment for execution of the first software application by
the second processor on the incompatible computer platform,
said first software application including an object executable
by a local operating system of the incompatible computer
platform for performing a task related to a service,  the
incompatible computer platform including a processor, an
operating system including a local kernel within the second
incompatible operating system residing in the second memory on
the incompatible computer platform, and a set of associated
local system files compatible with the local kernel and the
processor of the incompatible computer platform, the system

12

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

comprising:

a) a set of associated capsule-related files stored in a
readable memory, comprising a first group of files that
include the first software application, designed to execute on
the first computer platform and a second group of files that
are distributed with or are specific to an operating system
required to execute the first software application, wherein in
operation said associated capsule-related system files are
used in place of the associated local system files normally
used to perform the same task, which ~~are resident~~ reside in
the second memory on the incompatible computer platform as
part of the operating system, said set of associated capsule-
related system files for use by the first software application
within the capsule environment; and,

b) capsule runtime software for managing a dynamic state and
file location of the first software application, the capsule
runtime software including a kernel module resident in kernel
mode and at least one application filter library resident in
user mode for filtering one or more system service requests
made by the first software application and for providing
values from the at least one application filter library stored
in the second memory which is provided in addition to the
local operating system libraries to modify values that
otherwise would have been returned by the local operating
system in the absence of said filtering one or more system
service requests from the first software application,
wherein execution of the first software application requires
access of files from the capsule-related files resident in the
second memory on the incompatible computer platform in place

13

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

of operating system files and wherein capsule specific values
are provided instead of values related to the identity of the
incompatible computer platform.

8. (amended) A system for enabling a first software
application, which is designed for execution on a first
computer platform, to be executed on an incompatible computer
platform, having a memory and a processor, in which the
software application is not intended to execute, said system
comprising:

a first group of computer-readable files that are
distributed with or are specific to the first software
application intended to ~~run~~ be executed on the first computer
platform and a second group of computer-readable files that
are distributed with or are specific to the an operating
system associated with the first computer platform;

means for isolating the first group of files from other
software applications so as to provide an isolated first group
of files;
capsule runtime software for managing a dynamic state and file
location of the isolated first group of files, the capsule
runtime software including a kernel module and at least one
application library for modifying the behavior of a local
operating system ~~residing~~ stored in memory on the incompatible
computer platform and accessible to the processor of the
incompatible computer platform, so that execution of the first
software application requires access of the isolated first
group of files in place of operating system files and
providing capsule specific values instead of values related to

14

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

the identity of the incompatible computer platform.

Claims 19 through 22 have been amended to overcome this rejection.

The following definitions are provided within the specification of this application:

[0036] Computing platform: A computer system with a single instance of a fully functional operating system installed is referred to as a computing platform. [0037] Capsule: An aggregate of files required to successfully execute a set of software applications on a computing platform is referred to as a capsule. A capsule is not a physical capsule but a grouping of associated files, which may be stored in a plurality of different locations that is to be accessible to, and for execution on, a single computer platform or one or more servers. The term "within a capsule" or "encapsulated within a capsule", used within this specification, is to mean "associated with a capsule". A capsule comprises one or more application programs, and associated system files for use in executing the one or more processes; but capsules do not comprise a kernel; each capsule of files has its own execution file associated therewith for starting one or more applications. In operation, each capsule utilizes a kernel resident on the server that is part of the OS the capsule is running under to execute its applications. Files "within a capsule" are not accessible by application programs executing on the same computer platform in another capsule.

15

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

Notwithstanding a shared capsule purposefully allows the
sharing of specific files. [0038] Secure application capsule:
An environment where each application set has individual
control of some critical system resources and/or where data
within each application set is insulated from effects of other
application sets is referred to as a secure application
capsule. [0039] System files: System files are files provided
within an operating system and which are available to
applications as shared libraries and configuration files.

The instant application is a CIP of now issued U.S. Patent No.
7,519,814 from which this application claims priority, and all
material in the '814 patent has been incorporated within this
instant application by reference for all purposes.

Support is found with the '814 patent for storing in memory
accessible to at least some of the servers a plurality of
secure containers of application software, each container
comprising one or more of the executable applications and a
set of associated system files required to execute the one or
more applications, for use with a local kernel residing
permanently on one of the servers; wherein the set of
associated system files are compatible with a local kernel of
at least some of the plurality of different operating systems,
the containers of application software excluding a kernel, and
wherein some or all of the associated system files within a
container stored in memory are utilized in place of the
associated local system files resident on the server prior to
said storing step.

16

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/


While software applications are represented as graphical
icons, they are physically contained in a storage medium. Such
a storage medium consists, for example, of disk-based file
storage on a server accessible through a network connection. A
computing platform is a computer with an installed operating
system capable of hosting software applications.

Issued claim 31 of the parent application from which this CIP
application claims priority has issued with the following
claim:

> A computing system for performing a plurality of tasks
> each comprising a plurality of processes comprising: a
> system having a plurality of secure containers of
> associated files accessible to, and for execution on, one
> or more servers, each container being mutually exclusive
> of the other, such that read/write files within a
> container cannot be shared with other containers, each
> container of files is said to have its own unique
> identity associated therewith, said identity comprising
> at least one of an IP address, a host name, and a
> Mac_address; wherein, the plurality of files within each
> of the plurality of containers comprise one or more
> application programs including one or more processes, and
> associated system files for use in executing the one or
> more processes wherein the associated system files are
> files that are copies of files or modified copies of
> files that remain as part of the operating system, each

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

      container having its own execution file associated
therewith for starting one or more applications, in
operation, each container utilizing a kernel resident on
the server and wherein each container exclusively uses a
kernel in an underlying operation system in which it is
running and is absent its own kernel; and, a run time
module for monitoring system calls from applications
associated with one or more containers and for providing
control of the one or more applications.

Claims 1 and 8 of the instant application have been amended to
include disclosed computer hardware required to make these
claims statutory under 35. U.S.C. § 101.

Claims 1-24 have been rejected under 35 U.S.C § 102(b) as
being anticipated by Schmidt (US 2002/0133529), referred to
hereafter as Schmidt or '529.

Before specifically addressing the rejected claims the
applicant would like to explain some salient differences
between the invention taught by Schmidt in the '529
application and the invention claimed in this instant
application.

Schmidt provides a method and apparatus for representing and
encapsulating active computing environments. Schmidt's
invention provides a representation and encapsulation of
active computing environments. Schmidt provides compute
capsules which serve to represent and encapsulate an active
computing environment. An active computing environment

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

comprises one or more active processes and their associated
state information. The associated state information is
information in a form that can be understood by any computer
and tells the computer exactly what the processes in the
capsule are doing at any given time. In this way, the compute
capsule is a host-independent encapsulation that can be
suspended on one computer, moved to a new computer, and re-
started on the new computer where the new computer is binary
compatible (and where the OS is of the same type and the same
version).

In contrast the applicant is not attempting to solve the
problem of moving an active compute environment from one
computer platform to another binary compatible computer
platform. On the contrary, the applicant is faced with the
problem of moving a software application designed to run on a
first computer platform (computer, having a CPU memory and OS)
to a second computer platform that is (binary) incompatible.
In this instance the OS is of a different type and version.

Schmidt is not concerned about a difference in the OS of his
computing environments, but is concerned with the state an
application is in so that particular state can be preserved
and passed on in a compute capsule.

The applicant claims providing capsule related files that will
permit a first application that cannot otherwise run on a
second computer (platform) to be able to run on that platform.

A dictionary definition of a binary compatible computer found

19

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/


at www.yourdictionary.com/computer/binary-compatible is:


**(1)** Refers to any data, hardware or software structure (data
file, machine code, instruction set, etc.) in binary form that
is 100% identical to another.

**(2)** Refers to an executable programs that can run without
change in a different or upgraded hardware platform (CPU).

> Schmidt specifically recites that he is able to provide a
> computer capsule that can run on another computer where the
> new computer is binary-compatible.

The instant claimed invention in claim 1 specifically recites:

    1. (amended) A system for enabling a first software
       application stored in a computer readable medium, which
       is designed for execution on a first computer platform
       having a first operating system stored therein and
       having a first processor, to be executed on an
       incompatible computer platform having a second
       incompatible operating system and having a second memory
       and a second processor, in which the first software
       application is not intended to execute,…

In considering the patentability and more particular the
novelty of claim 1 over the Schmidt reference all of the words
within the claim must be considered.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/


A particularly predominant differentiator between claim 1 and
the teachings of Schmidt, is that claim 1 recites in clear
language that the software application capable of running on
the first compute platform is incompatible with the second
compute platform.  Schmidt teaches the exact opposite. He
provides a capsule that can run on only binary compatible
compute platforms.

Furthermore claim 1 of the instant invention defines:

said set of associated capsule-related system files for use by
the first software application within the capsule environment;
and, said set of associated capsule-related system files for
use by the first software application within the capsule
environment; and,
b) capsule runtime software for managing a dynamic state and
file location of the first software application,

Schmidt does not teach or suggest having capsule runtime
software for managing file location of the first software
application.  This capsule runtime software for managing file
location of the first software application allows an
application trying to access, for example, /home/address.txt
to be accessed from a different location or name space other
than /home/.  Schmidt does not manage file location for an
application and is concerned with application state
information.  In order to run an application on an
incompatible computer, this capsule runtime software for
managing file location for the software application is
required so as to allow a compatible file to be retrieved from

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

a location other than that specified by the application.
Schmidt on the other hand must have a compatible system.

Another difference between the instant claimed invention in
claim 1 and the teachings of Schmidt in the '529 application
is that the system of claim 1 includes capsule runtime
software including a kernel module resident in kernel mode and
at least <u>one application filter library resident in user mode</u>
<u>for filtering one or more system service requests.</u> Schmidt
does not filter and makes no mention of any filtering. This
filtering allows for file location allocation to occur.
Paragraph 37 on Col. 2 makes no mention of filtering.
Admittedly Schmidt places files in a container; however, it
does not provide any filtering. He does not teach filtering
service requests.

Claim 1 also defines:  filtering one or more system service
requests made by the first software application and for
providing values from the at least one application filter
library stored in the second memory which is provided in
addition to the local operating system libraries to modify
values that otherwise would have been returned by the local
operating system in the absence of said filtering one or more
system service requests from the first software application,
wherein execution of the first software application requires
access of files from the capsule-related files resident in the
second memory on the incompatible computer platform in place
of operating system files and wherein capsule specific values
are provided instead of values related to the identity of the

22

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

incompatible computer platform.

Schmidt doesn't filter system service requests nor does he provide values from an application filter library which is provided in addition to the local operating system libraries to modify values that would otherwise have been returned by the local OS libraries in the absence of said filtering. Schmidt doesn't have an incompatible computer platform and does not need to access files from the capsule-related files resident in memory on the incompatible computer platform in place of operating system files and does not provide capsule specific values instead of values related to the identity of the incompatible computer platform.

Claim 4 of the instant application has also been rejected as being anticipated by the Schmidt cited reference.

Claim 4 defines:

A system as defined in claim 1, wherein the kernel module and the at least one application library provide system-service filters for performing at least one of:

      iv)  tracking of software applications within the capsule;

      v)  modifying information used by applications in the capsule; and,

      vi)  monitoring information used by applications in the capsule;

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

wherein the system service-filters ensure that the first
application within the capsule environment utilize the set of
associated capsule-related system files.

Aside from the aforementioned features of claim 1 not being
present in Schmidt, the underlined features of claim 4 are
also not present in Schmidt.

Schmidt has no system-service filters of any sort indeed:
a) Schmidt has no system service filters which track software
applications within the capsule;
b) Schmidt has no system service filters which modify
information used by applications in the capsule; and,
c) Schmidt has no system service filters which ensure that the
first application within the capsule environment utilize the
set of associated capsule-related system files.

Claim 9 defines a system as in claim 1 wherein the set of
associated capsule-related files, comprising the first group
of files that include the first software application, the
second group of files that are distributed with or are
specific to an operating system are combined into a single
encapsulated file.

Since Schmidt requires the other computer(s) on which
applications are transferred to run by binary compatible there
is no reason to send a second group of files that are
distributed with or are specific to an operating system are
combined into a single encapsulated file.

24

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/


In the instant invention since the OS on the second computer
is incompatible, replacement OS files distributed with or
specific to an OS are required.

Claim 9 is clearly not anticipated.

Claims 10 and 12 define features clearly not suggested or
taught by Schmidt.

Firstly Schmidt has no filter library.  Secondly he makes no
suggestion of application libraries requesting services from
the kernel directly and wherein some other requests from
application libraries filtered by way of being redirected
prior to a request made to the kernel. It is because of the
incompatibility that this redirection is required and
Schmidt's system only works on compatible computers.

Claim 13 defines a system as defined in claim 1 wherein the
set of associated capsule-related files are limited to a
segregated file name space.

Schmidt simply does not do this or require this since his
computer platforms are compatible. This feature allows the
claimed system (defined in claim 13) to provide files from a
name compatible with the application but not compatible with
the operating system on the second incompatible computer.

Rejected claim 14 defines managing dynamic application state
filtering requests. This allows the incompatible platform to
run the application. Schmidt has no such teaching and

25

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

specifically does not attempt to run a software application on
an incompatible computer platform.

Claims 15 and 16 relate to the system filters, which Schmidt
does not have.

Claim 17 has been rejected under 35 U.S.C. § 102 (b) as being
anticipated by Schmidt.

Claim 17 defines:

In a system having a computer platform having an operating
system for executing a compatible software application
including a kernel, a method of executing an incompatible
software application, comprising the steps of:
(a) providing to the computer platform for execution by the
computer platform one or more files encapsulated within a
capsule, including

    i)   the incompatible software application and

    ii)  runtime software for filtering requests to the kernel
          from the incompatible software application and or
          associated library files, that would otherwise result
          in a malfunction of the incompatible software
          application and
(b) providing information from files within the encapsulated
files so as redirect execution to files within the capsule
that allow the incompatible software application to
successfully execute.

Reference letters have been added to claim 17 to more readily

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

analyze the claim.

In the preamble of claim 17 a system having a computer platform having an operating system for executing a compatible software application including a kernel is defined.  This computer platform is not unlike the computer platform described by Schmidt; and the compatible software application is not unlike the software application described by Schmidt.

However claim 17 is further limited <u>to a method of executing an incompatible</u> software application on the computer platform.

The method comprises the steps of:

   (a)    providing to the computer platform for execution by the computer platform one or more files encapsulated within a capsule, including

   i)   the incompatible software application and

   ii)  runtime software for filtering requests to the kernel from the incompatible software application and or associated library files, that would otherwise result in a malfunction of the incompatible software application and

(b) providing information from files within the encapsulated files so as redirect execution to files within the capsule that allow the incompatible software application to successfully execute.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/


Schmidt admittedly encapsulates one or more files within a
capsule.

However Schmidt does not provide to the computer platform for
execution by the computer platform  (i) an incompatible
software application.

In fact Schmidt specifies that the software application <u>must
be binary compatible</u>.

Therefore he teaches away from the instant invention.

Furthermore Schmidt does not teach or suggest providing (ii)
runtime software for filtering requests to the kernel from the
incompatible software application and or associated library
files, that would otherwise result in a malfunction of the
incompatible software application

Nor does Schmidt teach (b) providing information from files
within the encapsulated files <u>so as redirect execution to
files within the capsule that allow the incompatible software
application to successfully execute</u>.

Filtering and redirection are not required in Schmidt's
invention. He is merely moving an instance of a partially run
application from one computer platform to another compatible
computer platform.

In view of this it becomes that claim 17 is not only novel and
unanticipated, but is also non-obvious.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

Claim 18 defines that entries in a kernel system call table
are modified so that redirection to a system service filter
occurs prior to a kernel system call handler.

No such teaching is present within the Schmidt reference.
Modification of the kernel system call table and redirection
to a system service filter occurring prior to a kernel system
call handler are not suggested by Schmidt.

Claim 18 is therefore novel and inventive in view of the
teachings of Schmidt.

Amended claim 19 is a method claim, which clearly
distinguishes from Schmidt.

It defines a method of providing a computer readable set of
first files, comprising a first group of files that include
the first software application, designed to execute on a first
computer platform and a second group of files that are
distributed with or are specific to an operating system
required to execute the first software application so as to be
able to execute on a second non compatible computer platform.

Claim 19 recites the steps of:

    a)    in the execution of the first software application
          on the incompatible computer platform using said
          second group of files in place of the associated
          local system files normally used to perform the same

29

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

task, which are resident on the incompatible
computer platform as part of the operating system;
and,

b)    executing on the second incompatible computer
platform runtime software for managing a dynamic
state and file location of the first software
application, the runtime software including a kernel
module resident in kernel mode and at least one
application filter library resident in user mode
[[for]] and filtering one or more system service
requests made by the first software application and
[[for]] providing values from the at least one
application filter library which is provided in
addition to the local operating system libraries to
modify values that otherwise would have been
returned by the local operating system in the
absence of said filtering one or more system service
requests from the first software application,
~~wherein~~ and executing ~~execution of~~ the first
software application ~~requires access of~~ by accessing
files from first set of files in place of operating
system files and wherein predetermined values are
provided  instead of values related to the identity
of the incompatible computer platform.

Neither steps (a) or (b) are taught by Schmidt who requires
his computer platforms (computers) to be binary compatible.
This claim addresses executing a software application designed
to run on a first computer platform on a second incompatible

30

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

computer platform, and steps to address that end.
Claims 20-22 further distinguish from Schmidt.

In summary, all of the rejected claims in this pending
application are neither anticipated or obvious in view of
Schmidt. In contradistinction, one of Schmidt's criteria for
his invention to be able to work, and his capsule to be
transferred from one computer to another is that the computer
platforms are binary compatible; that is, that the software
"can" execute without modification on both computer platforms.

In view of the foregoing amendments to the claims, it is
respectfully submitted that the instant application is now in
condition for allowance.

Early and favorable reconsideration of the Examiner's
objections would be appreciated.

Should any minor informalities need to be addressed, the
Examiner is encouraged to contact the undersigned attorney at
the telephone number listed below.

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **11/380,285**
Filed: **04/26/2006**
_____/

    The Extension of Time fee in the amount of $**65.00** is being paid by credit card on EFS-Web.  Please charge any shortage in fees due in connection with the filing of this paper, including Extension of Time fees, to Deposit Account No. **50-2810** and please credit any excess fees to such deposit account.

                         Respectfully submitted,

                         /CHRISTOPHER F. REGAN/
                         CHRISTOPHER F. REGAN
                         REG. NO. 34,906

                         Customer No.: 27975

Telephone: (407) 841-2330      Date: ___December 15, 2009___

32