UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant | Case No. 7:25-cv-00347-DC-DTG |

**DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

**NOTE ON CITATIONS**

- Google's Motion to Dismiss Complaint (Dkt. 14) is referred to as "Br."

- VirtaMove's Opposition to Google's Motion to Dismiss Complaint (Dkt. 15) is referred to as "Opp."

- References to VirtaMove's Complaint (Dkt. 1) are designated by "Compl." followed by paragraph or exhibit number.

- The patent-in-suit, United States Patent No. 7,774,762 ("the '762 patent"), was attached as Exhibit 1 of the Complaint. Reference to the patent-in-suit is indicated by column and line number, or by claim number.

- Patent Nos. 7,519,814 ("the '814 patent") and 7,784,058 ("the '058 patent") were attached as Exhibits A and B to Google's Motion to Dismiss Complaint. Reference to these patents are indicated by the patent name followed by column and line number.

- All emphases are added unless otherwise noted.

**TABLE OF CONTENTS**

**Page**

I. VIRTAMOVE FAILS TO REBUT THAT THE '762 PATENT IS INVALID UNDER § 101 ...................................................................................................................1

    A. The '762 Patent Is Directed To An Abstract Idea.......................................................1

    B. The Asserted Patent Claim Adds Nothing Inventive ................................................4

II. VIRTAMOVE'S COMPLAINT ADDITIONALLY FAILS TO PLEAD INFRINGEMENT AND PRE-SUIT DAMAGES................................................................6

    A. VirtaMove Fails To Rebut That Its Direct Infringement Allegations Should Be Dismissed .....................................................................................................6

    B. VirtaMove Fails To Rebut That Its Indirect Infringement Allegations Should Be Dismissed .....................................................................................................8

        1. VirtaMove Does Not Plead The Elements of Induced Infringement...........8

        2. VirtaMove Does Not Plead The Elements of Contributory Infringement.................................................................................................9

        3. VirtaMove Does Not Plead Pre-Suit Knowledge ........................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.*,
  97 F.4th 1371 (Fed. Cir. 2024) ..................................................................................1

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ............................................................................9

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016)..............................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................7, 8

*BillJCo, LLC v. Apple Inc.*,
  583 F. Supp. 3d 769 (W.D. Tex. 2022)...................................................................8, 9

*BSG Tech LLC v. Buyseasons, Inc.*,
  899 F.3d 1281 (Fed. Cir. 2018)...............................................................................4, 5

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)....................................................................................................9

*DDR Holdings, LLC v. Hotels.com, L.P.*,
  773 F.3d 1245 (Fed. Cir. 2014)..................................................................................5

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016)..................................................................................2

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
  No. 2022-1932, 2024 WL 371959 (Fed. Cir. Feb. 1, 2024), *cert. denied*, 145
  S. Ct. 149 (2024)........................................................................................................2

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)....................................................................................................9

*Intell. Ventures I LLC v. Cap. One Bank (USA)*,
  792 F.3d 1363 (Fed. Cir. 2015).............................................................................2, 4

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc*,
  No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)..............10

*Mobile Acuity Ltd. v. Blippar Ltd.*,
  110 F.4th 1280 (Fed. Cir. 2024) ...............................................................................6

*Network Apparel Grp., LP v. Airwave Networks Inc.*,
    No. 6:15-CV-00134, 2016 WL 4718428 (W.D. Tex. Mar. 30, 2016), *aff'd*, 680
    F. App'x 1003 (Fed. Cir. 2017) ................................................................................ 6

*Optis Cellular Tech., LLC v. Apple Inc.*,
    139 F.4th 1363 (Fed. Cir. 2025) ................................................................................ 4

*Palomo v. Action Staffing Sols., Inc.*,
    No. SA-21-CV-01145-XR, 2022 WL 2392646 (W.D. Tex. July 1, 2022) ............... 10

*Recentive Analytics, Inc. v. Fox Corp.*,
    134 F.4th 1205 (Fed. Cir. 2025) ................................................................................ 3

*Synopsys, Inc. v. Mentor Graphics Corp.*,
    839 F.3d 1138 (Fed. Cir. 2016) ............................................................................ 2, 5

*Trinity Info Media, LLC v. Covalent, Inc.*,
    72 F.4th 1355 (Fed. Cir. 2023) ............................................................................. 3, 6

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
    874 F.3d 1329 (Fed. Cir. 2017) ................................................................................ 4

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................... 7

VirtaMove's arguments further show that dismissal is appropriate because the Asserted Patent is ineligible under § 101. VirtaMove fails to substantively rebut that the Complaint does not plausibly plead allegations of direct or indirect infringement or the knowledge requirement for pre-suit indirect infringement.

I. **VIRTAMOVE FAILS TO REBUT THAT THE '762 PATENT IS INVALID UNDER § 101**

    A.    The '762 Patent Is Directed To An Abstract Idea

As Google demonstrated, the '762 Patent is directed to the abstract idea of distributing applications with files that are used in place of, or filter the output of, local application libraries. Br. 7. Contrary to VirtaMove's conclusions, Google does not "strip[] away" the character of Claim 17 or ignore the claims in formulating its proposed abstract idea. Opp. 4. Rather, Google addresses the claim language and the intrinsic evidence in detail in its Motion. Br. 2-5, 7-12. VirtaMove largely ignores Google's arguments regarding the claims and admissions in the intrinsic evidence. And while VirtaMove points to additional language in the lengthy claim (*e.g.,* Opp. 8), it never argues that additional language narrows the scope of the claim in any way relevant to step 1, much less explains how it could. Nor could it. Courts "determine if the claim's character as a whole is directed to ineligible subject matter by considering ***the claim limitations that are purported to describe the claimed advance*** over the prior art." *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1378 (Fed. Cir. 2024) (emphasis added). As Google showed, here the purported advance lies in the abstract "in place of" and "filtering" elements that Google addressed. Br. 3-4.

For its part, VirtaMove argues that '762 patent is directed to "enabling application software to execute on an incompatible computing platform." Opp. 3, 7. Initially, this does not consider "the claim limitations that are purported to describe the claimed advance over the prior art," *i.e.* the "in place of" and "filtering" elements. And even if VirtaMove's formulation were true, and it is not,

it would just prove Google's point because "enabling application software to execute on an incompatible computing platform" is itself an abstract formulation that merely recites a desired goal. It certainly does not demonstrate any specific and non-abstract step(s) recited within the claims as opposed to a desired result. *Elec. Power Grp., LLC v. Alstom S.A.,* 830 F.3d 1350, 1356 (Fed. Cir. 2016) ("the essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101"); *see also Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015) ("[a]n abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment").

VirtaMove also contends there is a factual dispute regarding whether existing systems enable applications to run on incompatible systems. Opp. 8-9. This too misses the mark. Initially, the '814 specification incorporated into the '762 patent (Br. 1) acknowledges that prior art systems did precisely that: "Virtual Machine technology, pioneered by VmWare, offers the ability for multiple application/operating system images to effectively co-exist on a single compute platform." '814 patent at 1:53-56. In any event, even if the abstract idea of enabling applications to run on incompatible systems were somehow novel, "a *new* abstract idea is still an abstract idea." *Synopsys, Inc. v. Mentor Graphics Corp.,* 839 F.3d 1138, 1151 (Fed. Cir. 2016)(emphasis in original); *see also Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 2022-1932, 2024 WL 371959, at *5 (Fed. Cir. Feb. 1, 2024), *cert. denied,* 145 S. Ct. 149 (2024) ("an abstract idea that is new or groundbreaking is not any less abstract").

VirtaMove also repeatedly characterizes Google's proposed abstract idea as requiring that existing system files be overwritten in a manner inconsistent with the claims. Opp. 4, 6-7, 8. This is an incorrect strawman. Both claim 17 and Google's proposed abstract idea replace the *use* of existing system files with the *use* of the distributed files. Br. 3-4 (characterizing claim 17(b) as

"Execute files **in place of** OS system files"); Br. 7 ("The '762 Patent is directed to the abstract idea of distributing applications with files that are used in place of, or filter the output of, local application libraries."). And even VirtaMove agrees that the claimed invention requires "using files 'in place of' other existing files." Opp. 2.

VirtaMove also attempts to manufacture a claim construction issue by taking quotes from Google's brief out of context and asserting they constitute a "wide and shifting list of supposedly abstract idea(s)." Opp. 4 n.1. For example, VirtaMove asserts Google proposed "the abstract idea of distributing applications" (*id.* (citing Br. 7)), but Google actually referred to "the abstract idea of distributing applications with files that are used in place of, or filter the output of, local application libraries," (Br. 7) the same abstract idea Google consistently put forth. And VirtaMove agrees these are elements of the claim. Opp. 2, 5. Further, not only is there no inconsistency in Google's abstract idea, VirtaMove identifies no actual claim construction issue that would need to be decided due to this asserted (but non-existent) "inconsistency." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360-61 (Fed. Cir. 2023) ("A patentee must do more than invoke a generic need for claim construction or discovery to avoid grant of a motion to dismiss under § 101. Instead, the patentee must propose a specific claim construction or identify specific facts that need development and explain why those circumstances must be resolved before the scope of the claims can be understood for § 101 purposes.").

VirtaMove further purports to distinguish Google's cases, which show that filtering and/or replacing one resource with another are abstract concepts (Br. 8-9), by arguing they involve different fields of use, such as email, transactions, or video. Opp. 4,6. But the Federal Circuit has "long recognized that an abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment." *Recentive Analytics, Inc. v. Fox Corp.*, 134

F.4th 1205, 1213 (Fed. Cir. 2025) (collecting cases); *see also BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1287 (Fed. Cir. 2018); *Cap. One Bank,* 792 F.3d at 1366. Google's Motion quoted *BSG Tech* and *Cap. One Bank* (Br. 12), and VirtaMove does not even attempt to address them.

### B. The Asserted Patent Claim Adds Nothing Inventive

Google demonstrates that beyond the abstract idea, Claim 17 recites only a computer system with generic computer elements such as a processor, an operating system, a computer platform, a software application, an object executable, a kernel, and system files. Br. 13; *see also Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017) ("Claims directed to generalized steps to be performed on a computer using conventional computer activity are not patent eligible"). VirtaMove ignores Google's showing.

Rather, VirtaMove points to "the entire claim as an ordered combination" as purportedly inventive. Opp. 10-11. "But the relevant inquiry is not whether the claimed invention as a whole is unconventional or non-routine. At step two, we search for an inventive concept that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *BSG Tech*, 899 F.3d at 1290 (Fed. Cir. 2018) (internal quotations omitted). Accordingly, "the abstract idea cannot contribute to the inventive concept." *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1380 n.11 (Fed. Cir. 2025). VirtaMove points to nothing outside of the abstract idea of distributing applications with files that are used in place of, or filter the output of, local application libraries as being a purported inventive step. *E.g.,* Opp. 11 (complaining that Google does not account for the "in place of" limitation or the abstract goal of executing applications on an incompatible platform).

VirtaMove cites *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC* as supporting that Claim 17 has an inventive concept. Opp. 10. But *BASCOM* explicitly found that claims that "merely recite the abstract idea of filtering content along with the requirement … to perform it on

a set of generic computer components … would not contain an inventive concept," as "filtering content is an abstract idea because it is a longstanding, well-known method of organizing human behavior." 827 F.3d 1341, 1348, 1350 (Fed. Cir. 2016). *BASCOM*'s inventive concept lay in filtering end-user content "remote from the end-users, with customizable filtering features specific to each end user," *i.e.* performing customized user filtering at an unexpected location: "remote from the end-users." *Id*. at 1350. If anything, this provides a point of distinction from what the Federal Circuit found non-inventive. Here, VirtaMove does not point to any such inventive concept in Claim 17, which filters communications between the application and the operating system at the expected location: between the application and the operating system. *See, e.g.,* Fig. 5. And VirtaMove makes no attempt to show that the claims in *DDR Holdings, LLC v. Hotels.com, L.P.*— which "address the problem of retaining website visitors that, if adhering to the routine, conventional functioning of Internet hyperlink protocol, would be instantly transported away from a host's website after 'clicking' on an advertisement and activating a hyperlink" (773 F.3d 1245, 1257 (Fed. Cir. 2014))—are at all analogous. Opp. 10-11.

VirtaMove also asserts that using a "second group of files in place of the associated local system files normally used to perform a same task" provides an inventive concept. Opp. 13. But that is part of the abstract idea: distributing applications with the [second group of…] ***files that are used in place of***, or filter the output of, ***local application libraries*** [normally used to…] and thus cannot provide the inventive concept, regardless of how purportedly novel it is. *BSG Tech.*, 899 F.3d at 1290; *Synopsys,* 839 F.3d at 1151. VirtaMove also implies—but is careful not to directly state—that using "runtime software" to run applications on incompatible systems is an inventive concept. Opp. 13. VirtaMove's implication is incorrect: using runtime software for that purpose is almost as old as computing itself. *See, e.g.,* https://books.google.com/books?id=B9vpX1iIPPwC&

pg=PA72 (Ex. A) (*ComputerWorld*, December 16, 1985 ad stating that "With RM/COBOL,™ you write your application once. And let our runtime software take care of running it on over 200 different micros [computers], including the IBM® family of PCs."). *Network Apparel Grp., LP v. Airwave Networks Inc.*, No. 6:15-CV-00134, 2016 WL 4718428, at *5 (W.D. Tex. Mar. 30, 2016), *aff'd*, 680 F. App'x 1003 (Fed. Cir. 2017) (collecting cases on courts "mak[ing] factual findings and general historical observations on a § 101 determination", including "on a 12(b)(6) motion").[1]

Finally, VirtaMove asserts that since the "capsule" recited in claim 20 may be subject to claim construction, the court should defer ruling on Google's motion. Opp. 15-16. But again, "A patentee must do more than invoke a generic need for claim construction … to avoid grant of a motion to dismiss under § 101[,]" but rather "must propose a specific claim construction … and explain why those circumstances must be resolved before the scope of the claims can be understood for § 101 purposes." *Trinity Info Media,* 72 F.4th at 1360-61. Similarly, once a patent challenger meets the initial burden to show a claim is representative, "the burden shifts to the patent owner to present non-frivolous arguments as to why the eligibility of the identified representative claim cannot fairly be treated as decisive of the eligibility of all claims in the group." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024). By declining to make either showing, VirtaMove has nullified these arguments.

## II. VIRTAMOVE'S COMPLAINT ADDITIONALLY FAILS TO PLEAD INFRINGEMENT AND PRE-SUIT DAMAGES

### A. VirtaMove Fails To Rebut That Its Direct Infringement Allegations Should Be Dismissed

---

[1] VirtaMove mischaracterizes Google's argument that "Claim 17 Does Not Recite How to Perform Any of the Recited Limitations" (Br. 13) as requiring that the claim recite how to perform *all* of them. Opp. 13-15. But VirtaMove does not dispute—as it cannot—that governing law requires at least one inventive "how." Br. 13 (collecting cases).

VirtaMove agrees that the only asserted claim includes a "filtering" limitation. Opp. 16. And VirtaMove does not dispute that its allegations never mention or even refer to filtering. Br. 16. Instead, VirtaMove points to the web page https://kubernetes.io/docs/concepts/configuration/manage-resources-containers/ which discusses "Resource Management for Pods and Containers," as supposedly supporting a plausible allegation that this element is met. But VirtaMove does not contend, as it cannot, that this web document mentions or refers to "filtering." Rather, VirtaMove speculates that the resource management discussed in the document ***could*** be implemented via the "filtering" of the '762 patent. Opp. 17. But to survive a 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief ***above the speculative level***." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). VirtaMove's speculation falls short of this standard.

Even more, here, the Kubernetes system to which VirtaMove points for this speculation "is an open source container orchestration engine" (https://kubernetes.io/docs/home/) (Ex. B), and its source code and binaries can be freely downloaded. *See, e.g.,* https://kubernetes.io/releases/download/ (Ex. C); https://github.com/kubernetes/kubernetes (Ex. D). So there is no impediment to VirtaMove downloading and reviewing these materials and providing allegations, if it can, to something specific in this purportedly accused resource management in Kubernetes that meets the claimed "filtering." If anything, that VirtaMove has not done so and instead resorts to speculation about "filtering" existing suggests it cannot do so. Whatever the reason, however, VirtaMove's speculation as to filtering is insufficient as a matter of law.[2] *Vervain, LLC v. Micron Tech., Inc.*,

---

[2] VirtaMove's speculation is also contrary to the '762 patent specification, which acknowledges that "[i]t is traditionally the task of an operating system to provide a mechanism to safely and effectively control access to shared resources required by application programs." 1:37-40; 12:30-31. Accordingly, the mere fact that Kubernetes manages resources does not on its own suggest that Kubernetes uses anything in the '762 patent to do so, as VirtaMove speculates, as opposed to the prior art mechanisms that the specification explains did the same thing.

No. 6:21-CV-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) (dismissing direct infringement allegations where there is "the 'obvious alternative explanation' that the accused infringer is merely practicing the prior art." quoting *Twombly*, 550 U.S. at 567).

**B.      VirtaMove Fails To Rebut That Its Indirect Infringement Allegations Should Be Dismissed**

**1.      VirtaMove Does Not Plead The Elements of Induced Infringement**

VirtaMove does not dispute that its allegations of induced infringement are boilerplate or that such boilerplate language is insufficient as a matter of law. Br. 16-18 (citing Compl. ¶18; collecting cases). Rather, in reference to the requisite direct infringement by third parties, VirtaMove refers back to its infirm allegations as to Google. Opp. 18. But VirtaMove has not provided plausible allegations as to any party, for the same reasons discussed above. *Supra*, § II.A. VirtaMove also concludes its allegations of induced infringement are sufficient because it alleges that Google "continues to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe." Opp. 18 (citing Compl. ¶18). But as Google points out, while VirtaMove does refer to Google materials, VirtaMove's inducement allegations fail to provide any specific allegations such as mapping instructions to end users to the performance of the claimed steps of the patent—*i.e.*, "evidence of culpable conduct, directed to encouraging another's infringement." Br. 18. VirtaMove just ignores this.

Instead, VirtaMove cites *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 780 (W.D. Tex. 2022) suggesting the court found similar boilerplate allegations to be sufficient. But the court actually found "BillJCo's charts map limitations to, in most instances, instructions from Apple-authored documentation pulled from Apple Developer. The charts also specifically reference disclosures Apple personnel made at Apple's 2013 developers' conference. This documentation is

-8-

doing more than merely 'offering customers technical support or product updates.'" *Id.* at 780. The court also noted "[t]hat is particularly true here where Apple leaves BillJCo's claim charts unscathed." *Id.* at 781. This is precisely the point that Google made in its Motion. Br. 16-18.

### 2. **VirtaMove Does Not Plead The Elements of Contributory Infringement**

Here too, VirtaMove does not dispute that the allegations regarding contributory infringement that Google cites amount to pure boilerplate that is insufficient as a matter of law. Br. 18-19. Instead, VirtaMove points to its general allegation that "Google has servers that execute applications according to the claimed method." Opp. 19. VirtaMove then posits that "[u]nder one alternative theory, Google contributes to infringement [of the Asserted Patent] by providing [] specially configured servers so that Google's customers can run the customers' applications on them." *Id.* But VirtaMove does not allege that Google provides physical servers or computer systems to customers for them to use. Rather, the allegations VirtaMove points to refer to **Google** servers that **Google** uses. *Id.* (citing Compl. ¶¶ 19-20 "Defendant has also infringed, and continue to infringe, claims of the '762 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products…"). Nor does VirtaMove even try to demonstrate that it "plead[ed] facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted).

### 3. **VirtaMove Does Not Plead Pre-Suit Knowledge**

VirtaMove also does not dispute that induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011). Nor does VirtaMove dispute that its conclusory allegation that Google "had knowledge of the '762 Patent and the infringing nature of the Accused Products at least as

early as when this Complaint was filed and/or earlier" (Compl. ¶ 18) is insufficient as a matter of law as to *pre*-suit knowledge. Br. 19-20 (collecting cases).

Instead, VirtaMove points to vague allegations in the Complaint (¶ 10) regarding business meetings with Google prior to the complaint. Opp. 19-20. VirtaMove relies on its bare conclusion that Google "***would have*** learned … that AppZero was patented" through some unidentified "due diligence" or was "willfully blind." *Id.* But VirtaMove never even alleges that it told Google that VirtaMove had any patents at all. And while VirtaMove points to its conclusory allegation that its "technology made their way into the infringing Google products" (*id.* (citing Compl. ¶ 10)), as Google points out in its Motion, VirtaMove provides no allegations regarding a relationship between anything shown to Google at those meetings and the Accused Products, much less the Asserted Patents. Br. 20. This is not a "fact" dispute as VirtaMove puts it. VirtaMove alleges no "facts" to plausibly allege pre-suit knowledge of the patents or infringement. VirtaMove's attached article regarding IBM (Opp. 20, Ex. 3) was not included in the Complaint and is irrelevant as a matter of law. *Palomo v. Action Staffing Sols., Inc.*, No. SA-21-CV-01145-XR, 2022 WL 2392646, at *2 (W.D. Tex. July 1, 2022). And it shows nothing about anything ***Google*** did or did not do.

Further, VirtaMove does not cite a single case that found such bare, conclusory allegations and rank speculation are sufficient to plead pre-suit knowledge of the patents, much less infringement. Nor could it. As the court found in *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, "[a] plaintiff who relies on willful blindness to plead knowledge must identify in its complaint affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (*cited at* Dkt. 110-1, 7-8). VirtaMove has not alleged any such "affirmative" actions by Google, or even attempted to address *Kirsch*.

-11-

Date: November 17, 2025				Respectfully submitted,

						**JACKSON WALKER L.L.P.**

					By:	*/s/ Nathaniel St. Clair, II*
						Nathaniel St. Clair, II
						Texas State Bar No. 24071564
						nstclair@jw.com
						2323 Ross Avenue, Suite 600
						Dallas, Texas 75201
						(214) 953-6000

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, a true and correct copy of Defendant's Reply tin Support of Google's Motion to Dismiss Complaint was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ Nathaniel St. Clair, II*
Nathaniel St. Clair, II
